IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY L. EDENS,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-468**          (Cir. Ct. Kanawha Cnty. Case No. 23-C-72)

**NATALIE D. EDENS FISHER**, **individually**, **as**
**Executrix of the Estate of Janet L. Edens,**
**and as Trustee of the Janet L. Edens Trust,**
**JACK L. EDENS, JR.,**
**VERONICA L. HEATON, GREGORY**
**A. EDENS, and RENEE F. MANNING,**
**Petitioners Below, Respondents**


**MEMORANDUM DECISION**

Petitioner Jeffrey L. Edens ("Mr. Edens") appeals the September 21, 2023, Final Order of the Circuit Court of Kanawha County which granted the Respondents' motion for declaratory judgment and associated relief; granted the Respondents' motion for summary judgment; denied Mr. Edens' motion for declaratory judgment or alternatively summary judgment; ordered the parties to take appropriate action required to effectuate the court's ruling, including the preparation and execution of necessary deeds; and dismissed the action and all related claims with prejudice. Respondents Natalie D. Edens Fisher, Jack L. Edens, Jr., Veronica L. Heaton, Gregory A. Edens, and Renee F. Manning filed a response.[1] Mr. Edens filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises from a dispute regarding a provision of the Last Will and Testament of Janet L. Edens, dated January 4, 2021 (the "Will") which purported to devise certain property to Mr. Edens, her son. At the time of her death on July 8, 2022, Janet L.

---

[1] Mr. Edens is represented by Mark W. Kelley, Esq., and John J. Brewster, Esq. Respondents are represented by William E. Murray, Esq., and Adam K. Strider, Esq.

1

Edens ("Mrs. Edens") owned a parcel of property on which her owner-occupied house ("Home") was constructed. Mrs. Edens and her husband J. L. Edens purchased the property at issue in 1964 and the deed to the property is recorded in the Kanawha County Clerk's Office in Deed Book 1424, at page 181. J. L. Edens predeceased Mrs. Edens, and in accordance with the survivorship provision contained in the deed, Mrs. Edens became the sole owner of the property. Mrs. Edens lived at the home and paid the ad valorem taxes thereon for more than fifty years.

In the underlying matter, Respondents requested declaratory judgment regarding the construction of the Will. Respondent Natalie D. Edens Fisher is the Executrix of the Janet L. Edens Estate, Trustee of the Janet L. Edens Trust, and a beneficiary under the Will and the Trust. Respondents Jack L. Edens Jr., Veronica L. Heaton, Gregory A. Edens, and Renee F. Manning, and Petitioner Jeffrey L. Edens are all additional beneficiaries under the Will and the Trust. All of the parties are the children of Mrs. Edens. Respondents alleged that Article Eleven of the Will contained an improper description of the real property devised to Mr. Edens creating an ambiguity in the Will. Article Eleven provides: "If he survives me, I give, devise and bequeath unto my son, JEFFREY L. EDENS, that certain tract or parcel of land, together with improvements thereon, designated as Lot 1, Section 2, River Bend Estate, Poca District Tax Map 25, Parcel 31."

The legal description and parcel identification number of the property at issue matches the tax assessment record maintained by the Kanawha County Assessor's Office in its Land Book. The Kanawha County Land Book record for real property owned by J.L. and Janet L. Edens in Poca District, Tax Map 25, Parcel 31, has the following legal description of the parcel, "LT 1 SEC 2 RIVERBEND EST." The Land Book further notes that the tax assessment is for the property set forth in Deed Book 1424, at page 181.

Property tax tickets based on the Land Book assessments for Parcel 31, LT 1 SEC 2 RIVERBEND EST also reference the Deed each tax year from 2010 to present. The property description set forth in the Deed describes the boundaries of the property by metes and bounds and further describes it as "Map Showing Lot 1 - Section Two River Bend Estates, Poca District - Kanawha County, West Va. Surveyed for J. L. Edens & Janet Louise Edens, his wife, October 22, 1964."

The 2020 tax map shows that the physical location of Parcel 76 was the property at issue, other than half of the garage bisected by the indicated property line. However, the Land Book records for Parcel 76 and deed for Parcel 76 do not match the property at issue. The legal description for Tax Map 25, Parcel 76 is "PAR ADJ TO LT 1 SEC 2 RIVER BEND ESTATES 100 X 134." In 2022, the Assessor's Office corrected the mapping inconsistency. The 2022 map shows the physical location of Parcel 31 as the property at issue. The physical location of Parcel 76 is now shown as being to the right of the property at issue. The official property tax assessments for Parcel 31 and Parcel 76 did not change,

including legal descriptions, deed references, and appraised values; only the placement of the lines on the tax map changed.

Mr. Edens lived in a camper trailer situated on the property adjacent to the property at issue. The land where Mr. Edens' camper trailer was sitting is not actually owned by Mrs. Edens and has never been assessed in her name. Rather, that property is owned by the West Virginia Economic Development Authority and leased to Niterra North America, Inc., formerly known as NGK Spark Plugs (U.S.A.), Inc.

Based on a finding that the Will contained a latent ambiguity concerning the devise of the property at issue, the circuit court considered extrinsic evidence, including the testimony of John Dorsey, Esq., the attorney who drafted the Will. Mr. Dorsey testified that Mrs. Edens indicated to him that she intended to leave the lot adjacent to the property at issue to Mr. Edens and that she believed that she owned that property. Mr. Dorsey further testified that he used the 2020 tax map description of the property to prepare the Will.

On September 21, 2023, the circuit court entered its Final Order granting the Respondents' motion for declaratory judgment and associated relief, granting the Respondents' motion for summary judgment, denying Mr. Edens' motion for declaratory judgment or alternatively summary judgment, ordering the parties to take appropriate action required to effectuate the Court's ruling, including the preparation and execution of necessary deeds, and dismissing the action and all related claims with prejudice. Mr. Edens now appeals the circuit court's Final Order.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. Further, we recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (citation omitted).

> [B]ecause the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment

action is reviewed de novo; however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard. Accordingly, we hold that a circuit court's entry of a declaratory judgment is reviewed de novo.

*Cox v. Amick*, 195 W. Va. 608, 612, 466 S.E.2d 459, 463 (1995).

On appeal, Mr. Edens raises three assignments of error. First, he argues that the circuit court erred by concluding that the Will was ambiguous and that the weight of evidence indicates that Mrs. Edens intended to devise to Jeffrey Edens the property next to the Home and not the Home itself. We disagree.

Under West Virginia law, "[t]he term 'ambiguity' is defined as language 'reasonably susceptible of two different meanings' or language 'of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning.'" *Payne v. Weston*, 195 W. Va. 502, 507, 466 S.E.2d 161, 166 (1995). As to latent ambiguity, "a latent ambiguity is one which arises not upon the words of the instrument, as looked at in themselves, but upon those words when applied to the object sought to be accomplished by the contract or the subject which they describe." *Paxton v. Benedum-Trees Oil Co.*, 80 W. Va. 187, 188, 94 S.E. 472, 473 (1917).

The property at issue is described in the Will as "Lot 1, Section 2, River Bend Estate, Poca District Tax Map 25, Parcel 31," which on its face is unambiguous. However, when considering the tax maps from both 2020, when the Will was written, and 2022, when Mrs. Edens died, the ambiguity arises. On the 2020 tax map the parcel adjacent to the property at issue bears the designation of the property described in the Will. On the 2022 tax map, the property at issue also bears that designation. Thus, we find that the circuit court did not err in determining that a latent ambiguity exists, and further it did not err in considering extrinsic evidence to determine Mrs. Edens' intent. Based on the testimony of John Dorsey, Esq., we find that it was Mrs. Edens' intent to bequeath to Mr. Edens the property adjacent to the property at issue, which she did not own.

Second, Mr. Edens argues that his counterclaim against the Executrix and Trustee was dismissed in error as no written or oral arguments were made regarding the allegations in the counterclaim. We disagree. In his counterclaim, Mr. Edens alleged that Ms. Fisher, as Trustee, breached her fiduciary duty to him as a beneficiary by filing an action for declaratory judgment in order to wrongly deprive him of the property bequeathed to him by Mrs. Edens. Our finding that the circuit court did not err in determining that the property at issue was not the property that Mrs. Edens intended to bequeath to Mr. Edens is preclusive of Mr. Edens' counterclaim, which is based on the presumption that he is entitled to said property.

Further, in *Martin v. Martin*, 248 W. Va. 254, 888 S.E.2d 434 (2023), the Supreme Court of Appeals of West Virginia found that the executor/trustee did not breach their fiduciary duty to a beneficiary of the trust by, in good faith, filing a petition for declaratory judgment to resolve ambiguities in the Will. This case is similar to *Martin*, and we find that the evidence establishes that Ms. Fisher filed the action for declaratory judgment in good faith to resolve the latent ambiguity in Mrs. Edens' Will.

Third, Mr. Edens argues that the circuit court's finding of fact that John Dorsey, Esq., did not make a mistake when drafting Article Eleven of the Will is erroneous. We disagree.

> "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948). However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm "[i]f the [circuit] court's account of the evidence is plausible in light of the record viewed in its entirety [.]"*Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985). Finally, "[w]hen findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings[.]" 470 U.S. at 575, 105 S.Ct. at 1512, 84 L.Ed.2d at 529.

*Phillips v. Fox*, 193 W. Va. 657, 661-62, 458 S.E.2d 327, 331-32 (1995). With this deferential standard of review in mind, we conclude that Mr. Edens failed to establish that the circuit court's finding of fact regarding Mr. Dorsey alleged mistake was clearly erroneous.

Accordingly, we affirm the Circuit Court of Kanawha County's September 21, 2023, Final Order.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear